(C. D. 1383)

BJELLAND LANGE & CO., INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 27, 1951)

*Barnes, Richardson & Colburn* (*Joseph Schwartz* and *Edward N. Glad* of counsel) for the plaintiff.

*Charles J. Wagner*, Acting Assistant Attorney General (*John J. McDermott* and *Richard E. FitzGibbon*, special attorneys), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

COLE, Judge: Plaintiff has presented this case as a retrial of the issue discussed in *Bjelland, Lange & Co., Inc.* v. *United States*, 23 Cust. Ct. 39, C. D. 1187, affirmed in *Same* v. *Same*, 38 C. C. P. A. 53, C. A. D. 439.

Here, as there, Norwegian sild-sardines in sild-sardine oil, concededly herring oil, were classified under the provision in paragraph 718 (a) of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 718 (a)) for "Fish, prepared or preserved in any manner, when packed in oil or in oil and other substances, 30 per centum ad valorem." In this case, as in the cited one, plaintiff accepts that classification but disputes the assessment of an internal revenue tax imposed under the provisions of sections 2490 and 2491 of the Internal Revenue Code (26 U. S. C. §§ 2490 and 2491).

The previous case was tried on the theory that the oil was mere packing material for the sardines and, therefore, should not be subject to the internal revenue tax. The Court of Customs and Patent Appeals, C. A. D. 439, *supra*, in a review thereof, speaking through O'Connell, J., said:

The judgment rendered by the trial court and appealed from was based upon the finding that the evidence in support of appellant's claim that the herring oil was merely packing material not to be included in computing the duty on the sardines was insufficient to overcome the presumption of correctness attaching to the action of the collector. More specifically, the court found that appellant had offered no competent testimony sufficient to establish as a matter of fact that the herring oil which had been added as packing material to the cans of imported sardines had no commercial value in this country and in practice was discarded as worthless by users of the sardines when the cans were opened.

The appellate court then proceeded to say:

The amount of loose and surplus oil in a single can of the imported sardines may have been so meager that it could not have been utilized in a profitable way.

However, there were more than 6,000 kilos of oil added to the 2,444 imported cases and it was incumbent upon appellant to establish as a fact that it was neither feasible nor practicable to extract and commercially utilize the imported oil in question.

To supplement its proof in the earlier case, C. A. D. 439, *supra*, the record in which was incorporated by consent, plaintiff attempted to show that it was neither feasible nor practicable to extract and commercially utilize herring oil imported in the manner of the shipment under consideration, i. e., in cans with sardines, the contents of each tin weighing 3.75 ounces, the volume of oil weighing 0.88 ounce. The case was submitted without further evidence being offered by the defendant.

Now, however, in the brief of Government counsel, defendant assumes a new position, giving to this case a materially different aspect from that reflected through any phase of the entire previous litigation on the subject. It is unfortunate that this view is presented here for the first time, and was not offered in the earlier litigation, because we find it to be clearly decisive of the issue involved.

Analyzing the collector's action and with complete support from the official papers, counsel for defendant show that the assessment of the internal revenue tax was based on that part of section 2491 (c) of the Internal Revenue Code, providing for application of the tax on "Any article, merchandise, or combination," 10 per centum or more of the quantity by weight of which consists of, or is derived directly or indirectly from, one or more of the products provided for in section 2491, which includes fish oil, and by modification through the trade agreement with Iceland, 79 Treas. Dec. 79, T. D. 50956, specifically provides for herring oil. The rate to be applied under said section 2491 (c) is that proportion of the tax (1½ cents per pound herein) as the weight of the herring oil bears to the total weight of the imported article, merchandise, or combination.

Examination of the official papers discloses that the collector followed the formula, as hereinabove outlined, and applied a tax of 0.0035 cent per pound or approximately 23 per centum of the basic rate of 1½ cents per pound (the ratio that the weight of the oil bears to the total weight of the tin) to the entire weight of the shipment in question.

Thus, we find that the internal revenue tax was not assessed cn the herring oil, as such, and as plaintiff has assumed, but rather was imposed on "sardines in herring oil," which the collector adopted as the "article, merchandise, or combination," section 2491 (c), *supra*, upon which the tax was applicable. The official action confronts us with an entirely new proposition of law, wholly distinguishable from that presented in the *Bjelland, Lange & Co., Inc.*, case, *supra*.

Counsel for plaintiff, in their reply brief, state that defendant's "new contention" is "specious and does not stand analysis," and

adhere to their proposition that "the oil is in fact packing material" and "therefore not subject to any separate tax or duty." The argument, based on the premise that the oil is to be treated as a separate entity, overlooks the broad and comprehensive scope of section 2491 of the Internal Revenue Code, which contemplates a tax on fish oil not only when imported alone, but also when 10 per centum or more of the quantity of weight is part of an "article, merchandise, or combination." In other words, clear and unambiguous language of the Internal Revenue Code reveals a legislative intent to tax herring oil, imported as such, as well as herring oil content in another article or combination of articles.

In this case, plaintiff has accepted tariff classification of the present merchandise as "Fish, * * * packed in oil," paragraph 718 (a), *supra*. The concession carries the recognition that the oil is regarded as a definite part of the commercial entity that was imported. Furthermore, the vice president and treasurer of the importing corporation admitted, in the course of his testimony, that without the herring oil "the fish would not be commercially known as Norwegian sardines and would not, could not be sold as sardines," because they would change in physical characteristics and qualities and not be marketable.

On the issue as hereinabove developed, any question concerning ultimate disposition of the herring oil is immaterial. The protest is therefore overruled and judgment will be rendered accordingly.